IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DEANA BUCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0139-CV-W-ODS |
| ) | |
| WASHINGTON NATIONAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff, a citizen of Missouri, has filed suit against an insurance company that is incorporated in Illinois and has its principal place of business in Indiana. Defendant removed the case based on diversity of citizenship.[1] Plaintiff has filed a Motion to Remand. Plaintiff concedes there is more than $75,000 in controversy, but contends this is a "direct action" against an insurance company, so Defendant is to be considered a citizen of Missouri pursuant to 28 U.S.C. § 1332(c)(1). Plaintiff's motion (Doc. # 4) is denied.

The relevant portion of section 1332(c)(1) provides that

> in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

"Direct action" is a term of art, and an understanding of that term demonstrates that this is not a direct action within the meaning of the statute.

Courts have uniformly recognized this provision "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of

---

[1] It may be that Plaintiff's state law claims are pre-empted by ERISA, giving rise to jurisdiction based on a federal question. However, the parties have not addressed this possibility, so the Court will not dwell on it further.

Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." Home Indemnity Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974); see also Hernandez v. Travelers Ins. Co., 480 F.2d 721, 723 (5th Cir. 1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979) (quotation omitted). While Plaintiff is suing an insurance company directly, they are not suing a tortfeasor's insurer directly for the tortfeasor's negligence. Consequently, this is not a "direct action" and Defendant is not deemed to be a citizen of Missouri. The Court has subject matter jurisdiction over this case, so it cannot be remanded.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: May 24, 2006              UNITED STATES DISTRICT COURT

2